WALTER M. ELSWICK, Judge.
In this case the claimant, Del Balso Construction Corporation, filed a claim for refund of $133.65 for taxes paid on gasoline purchased during the month of May 1941 used as a motor *16 fuel for diesel engines not operated upon the public highways or streets of this state. It appears from the evidence that no claim for refund was filed with the state tax commissioner within sixty days from the date of purchase or delivery of the same, the most recent purchase and delivery having been made approximately sixty-three days prior to date of filing for refund. The state tax commissioner refused to make payment of refund for the reason that application for refund had not been filed within the sixty-day period as provided by chapter 11, article 14, section 20 of the code of West Virginia, as amended and reenacted by acts of the legislature 1939, chapter 124.
The right to receive a refund of taxes in certain instances where the gasoline purchased is not used in motor vehicles upon the public highways or streets of this state is given to the user under said section 20, article 14, chapter 11 of the code as reenacted by acts of 1939, chapter 124, which provides for a refund of tax on gasoline used for certain specific purposes to be made by the state tax commissioner, conditioned on application being filed, by the person using same, with the tax commissioner within sixty days from the date of purchase or delivery of the gasoline, which specific uses are set forth in the present statute as follows:
“Any person who shall buy in quantities of twenty-five gallons or more, at any one time, gasoline as defined by this article, for the purpose of and the same is actually used (a) as a motor fuel for diesel engines not operated upon the public highways or streets of this state, or (b) as a motor, fuel to operate tractors and gas engines or threshing machines for agricultural purposes, when such operation is not, in whole or in part, upon the public highways or streets of this state, or (c) as a motor fuel to operate aeroplanes or other aircraft, or (d) by any railway company subject to regulation by the public service commission of West Virginia, for any purpose other than upon the public highways or streets of this state, or (e) in the business of manufacturing, or in the production of natural resources, either as a motor fuel or for any other purpose except upon the public highways and streets of this state, or (f) as a cleaning fluid in any laundry or *17 dry cleaning business, or (g) as a motor fuel in motor boats or other water craft operated upon the navigable streams of this state, may, if the gasoline tax imposed by this article shall have previously been paid upon such gasoline, be refunded a sum equal to the amount of such tax, upon presenting to the tax commissioner an affidavit, . . . Provided, however, That the tax commissioner shall cause refund to be made under authority of this section only when application for refund is filed with the tax commissioner . . . within sixty days from the date of purchase or delivery of the gasoline.”
The claimant asks this court to make an award with recommendation that the Legislature direct refund of this amount paid and to disregard said section 20 of article 14, chapter 11 of the code as amended and reenacted by chapter 124 of the 1939 acts of the Legislature.
To determine such right of the claimant on its contention herein it is necessary to observe the apparent policy of the Legislature relative to refunds on gasoline in uses of this nature as will appear from an examination of the several changes made in the statute permitting refunds from time to time since the passage of the gasoline tax act and the adoption of the section relating to the refund provision now contained' in said section 20.
The first act imposing an excise tax upon gasoline was chapter 34 of the acts of the Legislature of 1923, which insofar as it pertains to the imposition of the tax read as follows:
“A state tax of two cents for each gallon, is hereby imposed on all gasoline sold in this state at wholesale as the words ‘at wholesale’ are hereinafter defined.”
There was not any exemption as to any quantity, or use of the same provided for, nor was there any provision for refund made for any purpose in the 1923 act.
The 1923 act was reenacted by chapter 2 of acts of the Legislature of 1925, extraordinary session, which imposed a tax of three and one-half cents per gallon thereon upon every person *18 a distributor, retail dealer or importer under the terms of the act based on the quantities of all gasoline sold, purchased or used in this state, which act by section 17 thereof provided for a refund of tax paid on gasoline used for certain specified purposes, provided that application for refund was made as set forth therein, as follows:
“Any person who shall buy, in quantities of twenty-five gallons or more at any one time, any gasoline as defined in this act for the purpose of, and the same is actually used for operating and propelling boats, tractors used for agricultural purposes, or who shall purchase and use any of such gasoline for cleaning or dyeing or other commercial uses, except in motor vehicles operated, or intended to be operated in whole or in part unon any of the public highways, streets or alleys of this state, which gasoline shall have been previously included in the measure by which the excise tax imposed by this act is determined, shall be reimbursed and repaid a sum equal to the amount of such tax, upon presenting to the tax commissioner an affidavit . . provided, that application for refund as provided herein must be filed with tax commissioner within sixty days from the date of sale or invoice, on forms prepared and furnished by the tax commissioner, or not at all.”
Said chapter 2 of the 1925 acts was reenacted by chapter 18 of the 1927 acts which enlarged the classifications prescribing uses of gasoline on which refunds were permitted but retained a proviso requiring that application for refund should be made within sixty days, which refund provision of the 1927 acts was adopted by the official code of 1931 as chapter 11, article 14, section 20, and then appeared as follows:
“Any person who shall buy, in quantities of twenty-five gallons or more at any one time, any gasoline as defined in this article, for the purpose of, and the same is actually used for, operating and propelling boats, aeroplanes, tractors used for agricultural or other purposes, road rollers, steam shovels, compressors, pumps, stationary gas engines, threshing machines or other gasoline-operated machinery, except motor vehicles; or who shall purchase and use such gasoline for cleaning , *19 and dyeing or for manufacturing or other commercial uses, except in motor vehicles, which gasoline shall have been previously included in the measure by which the excise -tax imposed by this article is determined, shall be reimbursed and repaid a sum equal to the amount of such tax, .. Provided, That the tax commissioner shall cause refund to be made under authority of this section only when application for refund, as herein provided, is filed with the tax commissioner, upon forms prepared and furnished by the tax commissioner, within sixty days from the date of purchase or delivery of the gasoline: ..
By chapter 110 acts of the Legislature 1937, said section 20 was reenacted and so limited as to exclude any provision for a refund of tax on gasoline used for any purpose except when the same was purchased “for the purpose of and the same is actually used for, operating and propelling tractors and gas engines used for agricultural purposes and threshing machines, . . This act reenacting said section 20 contained the same proviso that the tax commissioner shall cause refund to be made only when application for refund is filed with the tax commissioner within sixty days from the date of pinchase or delivery of the gasoline.
Under the limited user classification of the 1937 act no right was given to receive a refund for taxes on such uses made of gasoline as the claimant had under the 1939 act of the Legislature in the instant case if application had been filed with the tax commissioner within the sixty-day period. A refund could be made under the 1937 act by the tax commissioner only on taxes on gasoline purchased for the purpose of and actually used for agricultural purposes and threshing machines without further exceptions and that done only when application for refund was filed with the tax commissioner within sixty days from the date of purchase or delivery of the gasoline.
However, said section 20 of the code (under which claimant seeks refund) was amended and reenacted by acts of the Legislature of 1939 chapter 124 as hereinbefore set forth to include the uses made of gasoline as in the instant case by the *20 claimant and to enable it to secure a refund provided, however, that the tax commissioner shall cause refund to be made under authority .of this section only when application for refund is filed with the tax commissioner within sixty days from the date of purchase or delivery of the gasoline. It is further to be noted by this amendment that the uses of gasoline to entitle one to file application for refund are limited and specified under seven specific classifications and.uses and does not include all stationary engines. The privilege of filing for and the right to receive a refund is personal with the person so using the gasoline, for the amendment provides:
“The right to receive any refund under the provision of this article shall not be assignable, and any assignment thereof shall be void and of no effect. Nor shall any payment be made to any person other than the original person entitled thereto using gasoline as here-inbefore in this section set forth: ...”
The right or privilege to receive any refund being conditioned upon the person entitled thereto to file application with the tax commissioner for refund within the sixty-day period specified in all the acts since and including 1925, permitting in such instances a right to claim refund, tends to show a definite policy of the Legislature to deny a right to receive a refund by provisions of general law when the person who might have been entitled to a refund failed to comply with the provisions of the statute granting such right, and no award can be recommended for a special act enabling the claimant to receive such refund in conflict with the provisions of the general law.
This view seems to be more convincing since the Legislature did not sec cause, while from time to time reenacting this law, to permit all persons to receive refunds on taxes on gasoline not being used in motor vehicles on public highways or streets of the state, but has from time to time changed the classification as to the uses of gasoline for which claim could be filed.
In view of the foregoing changes of the law it is believed that the Legislature deemed the sixty-day period a reasonable one for all users of gasoline permitted to receive refunds under *21 said section 20 of the code, and that it is the policy of the Legislature to deny the right to receive same unless the person so using gasoline complies with the conditions required by the general law. Award denied.